David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York

_____

|  |  |
|---|---|
| Ryan Borchers, | ) |
| Plaintiff, | ) |
| - against - | ) Case No. |
| One Search, Inc. | ) **Complaint** |
| Defendant. | ) |

_____)

Plaintiff, complaining of the Defendant by his attorney, David Abrams, Attorney at Law, respectfully set forth and allege as follows:

**I.     Introduction**

1.      This is an action for breach of contract and failure to pay wages under the Labor Law.

**II.    Parties**

2.      Plaintiff Ryan Borchers ("Plaintiff") or ("Mr. Borchers") is a natural person. Plaintiff is a citizen, resident, and domiciliary of the State of New Jersey.  Mr. Borchers resides in Jersey City, New Jersey.

3.      Defendant One Search, Inc. (the "Employer" or "Defendant") is a Delaware corporation with a principle place of business in the State of New York, County of New York.

**III.     Venue and Jurisdiction**

4.      The Court has subject matter jurisdiction over this matter in that the parties are citizens of different States and Plaintiff is seeking in excess of $75,000 in money damages.

5.      The Court has personal jurisdiction over the Employer in that this matter arises from the Employer's activities in New York, specifically its operation of a placement agency in New York.

6.      Venue is appropriate in that this matter in the Southern District in that this matter arises from the Defendant's operations in New York, New York.

**IV.     Background**

7.      At all times relevant to this complaint, the Employer operated a placement agency.

8.      On or about March 4, 2020, Mr. Borchers and the Employer entered into a contract for Mr. Borchers to perform services for the Employer.  Mr. Borchers was hired as a "consultant" which essentially means that he worked as a recruiter.

9.      The contract at issue provided that Mr. Borchers would be an at-will employee with a 30-day notice requirement.  The contract also contained a provision which entitled Mr. Borchers to a $20,000 signing bonus.  Further, the contract guaranteed him a minimum salary of $130,000 for his first year of employment.

10.     Mr. Borchers worked for the Employer for a few weeks until he was discharged on or about March 25, 2020 through no fault, malfeasance, or misfeasance of his own.

11.     The Employer failed to pay Mr. Borchers any portion of his signing bonus despite due demand.

12. Further, the Employer has advised Mr. Borchers that it is impecunious and insolvent and has essentially repudiated all of its financial obligations.

13. Mr. Borchers has received approximately $9,000 in compensation from the Employer, thus there is due an additional approximate $141,000 representing his signing bonus plus his salary guarantee.

14. The contract at issue also contains an arbitration clause which provides for arbitration via the American Arbitration Association ("AAA").  However, the AAA will not take jurisdiction over Mr. Borchers' claims unless the Employer cooperates, which includes payment of substantial fees to the AAA and to the selected arbitrator.

15. Given the Employer's declaration of its insolvency, it would appear extremely unlikely that it will cooperate with AAA arbitration.  Accordingly, on or about April 17, 2020, Mr. Borchers requested the Employer's written assurances that it would cooperate with AAA arbitration.

16. As of today, the Employer has failed to provide such assurances.  Indeed, from the tone and content of the Employer's correspondence, it appears that the Employer is simply engaged in bad faith delay tactics and has no intention to cooperate in any fashion.

**V.    Causes of Action and Demand for Relief**

<u>Count One: Breach of Contract</u>

17. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

18. Mr. Borchers and the Employer had a valid contract.  As set forth above, the Employer has breached and repudiated the contract.

<u>Count Two:  Violation of the Labor Law</u>

19. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

20. The Employer's failure to pay compensation to which Mr. Borchers is entitled to is a violation of the Labor Law.

WHEREFORE Plaintiff demands judgment against the Defendant for lost wages, liquidated damages, and interest in an amount not more than $300,000.00 including attorneys fees and costs, and such other and further relief that the Court deems just. Further, in the event that the Defendant appears and defends in this matter, Plaintiff requests that Defendant be ordered to arbitrate this matter and that this matter be stayed pending such arbitration.

                                       Respectfully submitted,

                                       /s/ David Abrams

                                       David Abrams
                                         Attorney for Plaintiff
                                       305 Broadway Suite 601
                                       New York, NY 10007
                                       Tel. 212-897-5821

April 21, 2020
New York, New York